IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MANUEL RODRIGUEZ                                                                                          PLAINTIFF

                v.                                       Civil No. 09-5096

JERRY PADDOCK, Deputy
Public Defender, Washington
County, Arkansas                                                                                                DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

    Plaintiff, Manuel Rodriguez, filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se.* When he filed the case, Rodriguez was incarcerated in the Arkansas Department of Correction (ADC).

    At the time Rodriguez filed the action, he was informed that he had an obligation under the rules of this court to keep the court informed of any changes in his address. Rule 5.5 of the Local Rules of the Eastern and Western Districts of Arkansas. On April 27, 2009, all mail sent to Rodriguez at the ADC was returned as undeliverable with a notation that he had been paroled. Rodriguez failed to provide the court with his new address.

    Rodriguez has not contacted the court since he filed the complaint on April 10th. The court has not had a valid address on since he was paroled sometime prior to April 27th.

    Furthermore, Jerome Paddock, Rodriguez's public defender, is not subject to suit under section 1983. To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right. In *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to

indigent defendants in state criminal proceedings. Thus, when the claim is merely that the public defender failed to adequately represent the client in his criminal proceedings, it does not state a cognizable claim under § 1983. *See also Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976)(conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

I therefore recommend that this action be dismissed based on Rodriguez's failure to prosecute this action and his failure to keep the court informed of his current address. Fed. R. Civ. P. 41(b); Rule 5.5 of the Local Rules of the Eastern and Western Districts of Arkansas. Further, I recommend that the case be dismissed for failure to state a claim under § 1983.

**Rodriguez has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Rodriguez is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of August 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE